No. 04-98-00858-CR



Thomas Gerald DONNELLY,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 98CR0100


Honorable Bill M. White, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: May 5, 1999


AFFIRMED


 Thomas Gerald Donnelly ("Donnelly") appeals his conviction for burglary of a habitation.
In his sole point of error, Donnelly contends that the trial court erred in denying his motion for
instructed verdict because the evidence was legally or factually insufficient to support the trial
court's finding of guilt. In his brief, Donnelly asserts that the evidence was insufficient to prove his
presence at the scene of the offense. We overrule Donnelly's contention and affirm the trial court's
judgment.

 The reasonable hypothesis standard cited in Donnelly's brief is no longer valid law. See
Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). In reviewing a legal sufficiency
challenge, we must view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Whitaker v. State, 977 S.W.2d 595, 598
(Tex. Crim. App. 1998), cert. denied, 119 S. Ct. 878 (1999). The trier of fact is the exclusive judge
of the credibility of the witnesses and of the weight to be given their testimony. Whitaker, 977
S.W.2d at 598. In reviewing a factual sufficiency challenge, we view the evidence without the
prism of "in the light most favorable to the prosecution," and we set aside the verdict only if it is
"so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Id.
(quoting Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). A factual sufficiency
review must be "appropriately deferential" to the trier of fact's credibility and weight
determinations. Id.

 Detective Mark Frost testified that an eyewitness identified Donnelly as the person who
burglarized the complainant's house. In addition, two pawn shop sales clerks identified Donnelly
as the person who sold them the merchandise taken from the complainant's house, and the bills of
sale for that merchandise identified Donnelly and contained his signature. One of the pawn shop
transactions occurred within a little over an hour from the estimated time of the burglary. Although
the complainant testified that the eyewitness saw two males coming from his house, and Detective
Frost testified that the eyewitness saw a male and female coming from the house, there was no
conflict in the evidence with regard to the eyewitness's identification of Donnelly as one of the two
people who came from the complainant's house. Donnelly testified that he did not participate in
the burglary and was unaware that the merchandise he pawned was stolen. Donnelly stated that he
was approached by two individuals who requested that he sell the merchandise to the pawn shops
on their behalf because they did not have any valid identification, which a person is required to show
in order to engage in a pawn shop transaction. Donnelly fully cooperated with Detective Frost in
his efforts to recover the stolen merchandise and identified Jason Borg as one of the two individuals
who had approached him. Borg was brought in for questioning, but Detective Frost was unable to
link him to the burglary of the complainant's house. Borg's picture was not included in the photo
array shown to the eyewitness and the two pawn shop clerks when they identified Donnelly.

 We have reviewed the entire record, and we conclude that the evidence is both legally and
factually sufficient to support the trial court's finding of guilt. The trial court's judgment is
affirmed.


 PHIL HARDBERGER,

 CHIEF JUSTICE

DO NOT PUBLISH